IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK FOSTER, | : | CIVIL CASE |
|     Plaintiff, | : | |
|               v. | : | |
| | : | |
| DAVID DENENBERG, et al. | : | |
|     Defendant. | : | NO. 13-4478 |

**MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS**

**Baylson, J.**                                                                                                 **April 8 , 2014**

**I.**     **Introduction**

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. For the reasons stated below, the Motion to Dismiss will be granted.

**II.**     **Procedural History**

Plaintiff's claims arise from a single real estate transaction that occurred in 2007. Frederick Foster (Plaintiff), pro se, allegedly hired defendants David Denenberg, and his law firm Abramson & Denenberg, P.C., to represent his interest in a real estate transaction regarding a "multi-parcel property" listed at 5049-75 Lancaster Ave., and 5042-68 Merion Ave. in Philadelphia, Pennsylvania. (Pl.'s Compl., ECF 1 ¶ 7). The transaction led Plaintiff to file a Complaint against the defendants in this Court in May of 2010. (No. 10-2470, ECF 1) (Jones, J.).[1]

Judge Jones vacated a default judgment previously entered against the same defendants and ordered that Plaintiff's 2010 Complaint against Defendants be dismissed, pursuant to Rule 12(b)(6), because the plaintiff failed to sufficiently plead his RICO claim, and only offered

---

[1] In Plaintiff's 2010 Complaint, he brought claims against the same Defendants alleging a Breach of Fiduciary Duty (Count I), Breach of Contract (Count II), Conversion (Count III), Fraud (Count IV), RICO (Counts V and VI), Civil Conspiracy (Count VII), and Damages (Count VIII). (No. 10-2470, ECF 1).

general conclusions relating to mail and wire fraud. Additionally, Judge Jones held that Plaintiff failed to formally request leave to amend his complaint, and even if leave was granted, an amendment would be futile because the allegations involved only a single transaction and failed "to establish that the defendants posed a threat of 'continued criminal activity,' as necessary under RICO's pattern requirement." (No. 10-2470, ECF 30 (Feb. 28, 2012 Order)).

### III.  The Present Dispute

Plaintiff filed the present Complaint in this Court on August 1, 2013, with claims arising from the same 2007 transaction mentioned above.[2] (Pl.'s Compl., ECF 1). Defendants have now moved to dismiss this action pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted. Defendants contend the doctrine of res judicata bars the Plaintiff from bringing the present RICO claim because the court had previously issued a final judgment on the same claims in the 2010 lawsuit. Additionally, Defendants argue that Plaintiff's RICO claims should be dismissed under Rule 12(b)(6) because he has failed to state sufficient allegations to establish a claim for which relief can be granted. Lastly, Defendants argue that the statute of limitations has run on each of Plaintiff's claims.

Plaintiff responds that the doctrine of res judicata should not apply to the present claims because the 2010 lawsuit resulted in a default judgment, which is not considered a final judgment under res judicata doctrine. Additionally, Plaintiff also disputes that the statute of limitation has run on his claims.

### IV.  Legal Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the district court should "accept all factual allegations as true, construe the complaint in the light most favorable to the

---

[2] In the present Complaint, Plaintiff alleged all of the same claims as in the 2010 Complaint, as well as Criminal Conspiracy (Count IX) and Criminal Trespass (Count XI) (sic). (ECF 1).

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plaintiff need not satisfy any "probability" requirement, but must set forth "more than a sheer possibility" that the a defendant's actions give rise to the claim. Id.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). "When presented with a pro se litigant, [the Court has] a special obligation to construe his complaint liberally." Higgs v. Attorney General of the United States, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted). "Thus, even if a pro se plaintiff's claims are not set out in the clearest fashion, the Court is obligated to discern all the possible claims that the Plaintiff may be alleging." Thomas-Warner v. City of Phila., No. 11-5854, 2011 WL 6371956, at *4 (E.D. Pa. Dec. 20, 2011). However, in doing so the Court still determines whether a pro se plaintiff has alleged sufficient facts to support the claims divined from the pleadings. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Moreover, "[a]lthough the Court must accept well-pleaded facts as true, it need not credit bald assertions or legal conclusions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).

3

**V.     Discussion**

   **A.     Res Judicata**

The doctrine of res judicata "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Attorney Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010); see also Anselmo v. Hardin, 253 F.2d 165, 168 (3d Cir. 1958) ("[A] question of fact or of law distinctly put in issue and directly determined … cannot afterwards be disputed between the same parties"). "The purpose of res judicata is to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs, 726 F.3d 387, 394 (3d Cir. 2013) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)). "A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" Id. (quoting Duhaney, 621 F.3d at 347). "Res judicata will not be defeated by minor differences of form, parties or allegations where the controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." Kuhns v. Corestates Financial Corp., 998 F. Supp. 573, 575 (E.D. Pa. 1998) (Joyner, J.). Additionally, res judicata "bars not only claims that were brought in a previous action, but also claims that could have been brought" in that action. Duhaney, 621 F.3d at 347 (internal quotation marks omitted).

   **1.   Final Judgment – 2010 Action**

To invoke the doctrine of res judicata, there must be a final judgment on the merits of the previous action. Marmon Coal, 726 F.3d at 394. Here, Plaintiff's 2010 lawsuit resulted in a final judgment on the merits: a dismissal of the action pursuant to Rule 12(b)(6).

Plaintiff mischaracterizes his 2010 lawsuit as culminating in a default judgment. Although a default judgment had been entered, Judge Jones then entered an order on February 28, 2012 that clearly vacated the default judgment and dismissed Plaintiff's complaint for failure to state a claim.

Although Judge Jones did not explicitly state whether the action was dismissed with or without prejudice, the result was final. (No. 10-2470, ECF 30 (Feb. 28, 2012 Order)). If a plaintiff fails to comply with the Federal Rules of Civil Procedure, a defendant may move to dismiss the action or any claim against it, and unless a dismissal otherwise states, such dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). The Supreme Court and the Third Circuit have firmly held that a dismissal pursuant to Rule 12(b)(6) is an adjudication on the merits unless the order specifies that it is without prejudice. Federated Dep't Stores v. Moite, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981) (holding that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits"); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (Alito, J.) ("Because the order did not specify that the [Rule 12(b)(6)] dismissal was without prejudice, under Fed. R. Civ. P. 41(b) the dismissal 'operates as an adjudication upon the merits.'"); Lewis v. Smith, 361 F. App'x 421, 423-24 (3d Cir. 2010) (holding that a dismissal "under Rule 12(b)(6) is a final judgment on the merits for res judicata purposes"). The Supreme Court has interpreted Rule 41(b)'s "operates as an adjudication upon the merits" language to mean "the opposite of a 'dismissal without prejudice.'" Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 504, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001).

The above precedents make clear that the district court's 2010 dismissal of Plaintiff's complaint under 12(b)(6) thus operated as a final judgment on the merits. The district court

5

further determined that any amendment of the complaint would have been futile. Thus, the district court's order clearly constitutes a final judgment for purposes of res judicata.

### 2. Same Parties in 2013 Action as in 2010 Action

The doctrine of res judicata prohibits a subsequent suit from being brought against the same parties. Marmon Coal, 726 F.3d at 394. Here, Plaintiff has filed two Complaints arising from the same 2007 real estate transaction discussed above, both naming the same defendants, David Denenberg, Antoine Gardiner, and Abramson & Denenberg, P.C. Compare No. 10-2470, ECF 1 (Pl.'s Compl.), with No. 13-4478, ECF 1 (Pl.'s Compl.).[3]

### 3. Same Cause of Action in 2013 Action as in 2010 Action

The doctrine of res judicata prevents parties from bringing a subsequent suit based on the same cause of action. Marmon Coal, 726 F.3d at 394. Courts should take a "'broad view' of what constitutes the same cause of action." Sheridan v. NGK Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010).

Plaintiff is attempting to bring the same causes of action that were dismissed in 2010. In the present Complaint, Plaintiff alleges nearly identical facts to plead identical claims against the same defendants as he did in the 2010 Complaint.[4] It is clear that this is a subsequent suit based on the same cause of action.

In his Sur Reply, Plaintiff argues that he alleged new predicate acts in support of his RICO claim. (No. 13-4478, ECF 21). Admittedly, Plaintiff's present Complaint does contain

---

[3] Defendant Denenberg and Defendant Abramson & Denenberg, P.C. are named in all counts in both the 2010 and 2013 Complaint. Defendant Gardiner is named only in Count III (Unlawful Conversion) of both Complaints.

[4] The only additional causes of action in Plaintiff's Complaint are criminal trespass and criminal conspiracy. Private parties may not prosecute crimes nor raise criminal claims against another party because a private person does not have a "judicially cognizable interest in the prosecution…of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973). Therefore, this Court dismisses Plaintiff's criminal claims.

allegations that did not appear in the 2010 Complaint – specifically, that Defendants committed additional acts of mail fraud following the dismissal of the 2010 Complaint. However, Plaintiff acknowledges that the new allegations of fraud all relate to the same 2007 transaction at issue in the earlier lawsuit.

A claim will be precluded if it arises "out of the same transaction or occurrence" involved in a prior suit. Jackson v. Dow Chemical Co., 902 F. Supp. 2d 658, 672 (E.D. Pa. 2012) (Gardner, J.) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)). To determine whether a successive claim rises from the same set of facts, courts look to see if there is "essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy v. Vanguard Grp, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (quoting Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d Cir. 2982) (en banc)). "The focal points of [the] analysis are whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." Id. (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984)). A plaintiff's "addition of some new facts cannot obscure the 'essential similarity of the underlying events giving rise to the various legal claims.'" Jackson, 902 F. Supp. 2d at 672 (quoting Davis, 688 F.2d at 171). Furthermore, even if new facts occur after final judgment of a prior action, res judicata will continue to bar new RICO claims if the facts share a substantial similarity to those of the prior action. Id. at 673; see also Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 805 (8th Cir. 2006) ("The doctrine of res judicata would become meaningless if a party could relitigate the same issue … by merely positing a few additional facts that occurred after the initial suit." (quoting Duboc v. Greek Oak Twp., 312 F.3d 736, 751 (6th Cir. 2002))).

Plaintiff's new allegations do not raise a new cause of action. The facts alleged in the 2013 Complaint are "essentially similar" to the events that gave rise to the cause of action in the 2010 Complaint. See Elkadrawy, 584 F.3d at 173. In both complaints, Plaintiff alleges to have been defrauded of the same piece of property and alleges the same material facts relating to the fraud. Allegations of a continuation of the same fraudulent activity at issue in the earlier Complaint do not raise a new or independent RICO cause of action.

Because Plaintiff's causes of action arise out of the same transaction at issue in Plaintiff's 2010 lawsuit against the same Defendants here, and because the district court reached a final judgment in that lawsuit – dismissal of the action – Plaintiff's claims are barred by res judicata.

### B. Sufficiency of the Pleadings

Moreover, even if res judicata does not bar Plaintiff's claims, Plaintiff's allegations nevertheless fail to sufficiently show that Defendants have engaged in a "pattern of racketeering" as is necessary to claim a RICO violation. To constitute a RICO violation, there must be a "pattern of racketeering activity." 18 U.S.C. § 1962. To sufficiently show a pattern of racketeering activity, a plaintiff must allege that predicate acts of racketeering pose a threat of continued criminal activity. H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239, 109 S. Ct. 2893 (1989). Courts have made clear that isolated incidents of real estate fraud will not satisfy the continuity requirement, especially where, as here, there is nothing in the allegations to suggest "further misrepresentations by the defendants in regard to other potential transactions." Banks v. Wolk, 918 F.2d 418, 422 (3d Cir. 1990); see also Stoss v. Singer Fin. Corp., No. 08-5968, 2010 WL 678115, at *8 (E.D. Pa. Feb. 24, 2010) (Stengel, J.) (dismissing RICO claims where scheme is based on one allegedly fraudulent real estate transaction); Meade v. Guaranty Bank, No. 1:12-cv-1559, 2013 WL 5438750, at *2 (M.D. Pa. Sept. 27, 2013) (granting motion to dismiss where plaintiff's allegations involved single mortgage foreclosure scheme).

Here, Plaintiff does not allege facts sufficient to show a pattern of racketeering or that Defendants pose a threat of continued criminal activity.  Plaintiff has merely alleged a single act of fraud against a single individual.

**VI.     Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss.  The Court concludes that the doctrine of res judicata bars Plaintiff's claims and Plaintiff has failed to state a claim for which relief can be granted.

An appropriate order follows.

O:\Caitlin\Civil\13-4478 (Foster)\2014.3.18 MoL (revised).docx